CLAIR P. DAKIN, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 29006.)

Court of Claims, October 1, 1953.

*Albert Averbach* and *Theodore Bonney* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Harold S. Coyne* of counsel), for defendant.

MAJOR, J. This is a claim to recover damages for personal injuries sustained by the claimant on June 9, 1946, when he was struck on the head by a rock while an invitee of the State at Taughannock State Park.

This park was owned, constructed and maintained by the State, and open to the public particularly for the purpose of recreation.

The park contains a gorge bordered by vertical and some places overhanging rock cliffs and talus slopes through which the Taughannock Creek flows from west to east. About three-quarters of a mile west of Route 89, this gorge ends abruptly at the foot of about a 215-foot waterfall and a semicircular precipice closing off the end of the gorge.

At the time of the accident and for many years prior thereto, the State maintained a so-called gorge trail running from the State-owned parking ground westerly along the south side of the creek to a point 100 to 200 feet from the foot of the waterfall.

For many years prior to the accident, State employees and officers in charge of the park had knowledge that the edges of the perpendicular and overhanging cliffs in the gorge had been weathering and frequently breaking off, causing large and small rocks to be precipitated down and onto the slanting slopes and onto the gorge trail below. On many occasions, it became necessary to remove rocks and other debris, and other materials from the gorge trail which had fallen from the heights above.

The nature of the rock structure was such that weathering, breaking off and falling of rock, would be expected in the exercise of reasonable care and caution, and the State had both actual and constructive knowledge of this situation.

The uncontradicted evidence in this case clearly shows that the State had previous notice of a similar accident, for the State's records reveal, as testified to by the park superintendent, that a four-year-old girl was hit upon her forehead by a falling rock at substantially the same place on August 4, 1945, and yet the State did not scale the cliffs or take other protective measures after said prior accident.

Having actual and constructive knowledge of the dangerous conditions existing as appear in the testimony in this case, the State kept the park open and invited the public to travel along the gorge trail. A parking lot for automobiles at which the State charged for parking privileges was maintained at the entrance to the gorge trail. A brochure issued by the State to the public, describing scenic beauties of the gorge and the water-

fall and maps were distributed by the State indicating the approach to the waterfall as being along the gorge trail.

There was no warning of any kind as to the hidden danger or hazardous condition of rocks falling from above, nor were any fences or barriers or other safeguards designed or erected and maintained by the State to prevent falling rocks from reaching the gorge trail.

On Sunday, June 9, 1946, claimant visited this park for the first time. He walked along the gorge trail in a westerly direction until he reached a point at the foot of the slanting slope about 150 to 200 feet east of the westerly end of the trail. There were a number of other visitors and tourists on the trail that day, and there was nothing about the circumstances from which any reasonable person would have apprehended danger from falling rocks.

While the claimant was sitting on a stone at the south edge of the trail, at which point the edge of the cliff rises about 400 feet above the trail and about 200 feet of this height is sheer cliff and the balance is slanting slope running from the foot of the cliff down to the edge of the trail, he heard a cracking sound, followed by the tumbling down of many rocks. Sensing danger and for self-protection, claimant and other persons in vicinity started to run down the trail toward the east. A shower of rocks descended into the trail, and one of them about the size of an indoor baseball, struck the claimant on the right side of his head, inflicting a deep penetrating compound fracture of the skull and other very serious injuries and damages. The evidence is clear, concise, uncontradicted and unmitigated.

The State is not an insurer of the safety of those coming to its public parks, nevertheless it is the duty of the State to use reasonable care and take reasonable precautions to prevent injury and to keep and maintain the premises in a reasonably safe condition.

Likewise, the State should guard against dangers as could or ought to have been seen or anticipated in the exercise of prudence and care.

No signs or warning of any kind were placed or maintained by the State affording the users of the gorge trail reasonable notice of the type of condition or situation to be encountered.

The State has failed in its duty, and such failure is negligence.

The court finds that the claimant was not guilty of contributory negligence.

The motion of the State to dismiss the claim is denied.

The evidence clearly shows that the claimant suffered and sustained very serious injuries as a result of this accident for which he is entitled to recover damages from the State. His skull was fractured and he was confined to the hospital for treatment. He incurred medical expenses and lost his earnings during disability. His earning capacity was greatly reduced and he suffered pain. He lost his hearing in his right ear, and as a result of the accident is suffering from traumatic epilepsy, which condition will become worse in the future. Due to the unprotected hole in his skull, claimant will have to undergo an operation for the installation of a protective plate.

The claimant's medical and hospital expenses totalled the sum of $903.18. In addition, $1,206 must be spent for the head plate operation. His loss of earnings for two months after the accident and one month thereafter on a 50% basis amounted to $653.

At the time of the trial, he was forty-seven years of age, married, having no children.

The claimant is, therefore, awarded the total sum of $72,762.18, which includes medical expenses to date, and in the future, loss of wages and reduced earning power, pain, suffering and temporary and permanent injuries and all other damages suffered by him as a result of this accident, and judgment is directed accordingly.